## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARLING RUIZ, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>    v.<br><br>THE MUSEUM OF SEX LLC,<br><br>             Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Arling Ruiz brings this action on behalf of herself, and all others similarly situated against The Museum of Sex LLC ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

### NATURE OF THE ACTION

1.      For over a year, Defendant has been nickel and diming visitors of its Museum of Sex NYC on its website in violation of the New York Arts and Cultural Affairs Law § 25.07(4). Whenever a consumer selects an admission ticket on the website https://museumofsex.com/, she is quoted a fee-less price, only to be ambushed by a $4.00 "service charge" – which is masked under the ambiguous category "taxes & fees" – at checkout after clicking through the various screens required to make a purchase. To make matters worse, a 4-minute clock for the consumer to complete the transaction begins ticking down on the final checkout page. Because New York is a busy place, and because these fees are only flashed *after* a museum-goer selects her ticket, and *if and only if* a museum-goer clicks the question mark icon next to "taxes & fees," Defendant can plausibly put its consumers on a shot clock and tell them they need to act quick, because

1

Defendant cannot hold their spot admission time open forever.  This cheap trick has enabled Defendant to swindle substantial sums of money from its customers.

2.      To stop this hustle, New York passed Arts and Cultural Affairs Law § 25.07(4), which provides that "every operator … of a place of entertainment … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket." "Such disclosure of the total cost and fees shall be displayed in the ticket listing *prior to* the ticket being selected for purchase."  *Id.* (emphasis added).  And "[t]he price of the ticket shall not increase during the purchase process."  *Id.*  This latest version of the law went into effect August 29, 2022.  *See* Exhibit A.

3.      Moreover, Arts and Cultural Affairs Law § 25.07(4) provides that "every operator … of a place of entertainment … shall disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser."  *Id.*

4.      For these reasons, Plaintiff seeks relief in this action individually, and on behalf of all other ticket purchasers for Defendant's place of entertainment, the Museum of Sex NYC, for actual and/or statutory damages, reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant.  Defendant sold at least 100,000 tickets

to its place of entertainment through its website during the applicable class period, and is liable for a minimum of fifty dollars in statutory damages for each ticket sold.

6.    This Court has personal jurisdiction over Defendant because Defendant operates a place of entertainment, the Museum of Sex NYC, in the state of New York and sells tickets to visit the Museum of Sex NYC through its website.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant's Museum of Sex NYC is located in this District, and because Plaintiff purchased tickets to visit Defendant's place of entertainment in this District.

## PARTIES

8.    Plaintiff Arling Ruiz is an individual consumer who, at all times material hereto, was a citizen and resident of Bronx, New York.  Plaintiff purchased two admission tickets to the Museum of Sex NYC on or about October 6, 2022 through Defendant's website, https://www.museumofsex.com.  The transaction flow process she viewed on Defendant's website was substantially similar as that depicted in Figures 1 through 6 in this complaint.

9.    Defendant The Museum of Sex LLC is a Delaware limited liability company with its principal place of business in New York, New York.  Defendant owns and operates the Museum of Sex NYC.

## RELEVANT FACTUAL ALLEGATIONS

10.    When a person visits Defendant's website, www.museumofsex.com/, on the main page, she can click the white "TICKETS" button to select admission tickets to visit Defendant's Museum of Sex NYC on various dates.   *See* Figure 1.



**Figure 1**

11.     After a consumer selects the "TICKETS" button, she is taken to a screen which provides a list of various museum admission ticket prices.  The screen does not provide the actual cost of the ticket, but rather, the prices the tickets are "starting at."  *See* Figure 2.  The "total cost" of any ticket, inclusive of fees, is not shown on this screen, in violation of New York Arts & Cultural Affairs Law § 25.07(4).  *Id.*   The page states that the price of a "Basic Ticket" starts at "$36."  *Id.*



**NYC ADMISSION**

**SELECT TICKET**





**Figure 2**

4

12.    After a consumer clicks on the ticket type on Figure 2, she is taken to another page which displays a calendar where the consumer can select which day she would like to visit the museum.  *See* Figure 3, next page.  The total cost of the ticket is not also displayed on this page.  *Id*



**Figure 3**

13.    *After* a consumer selects the date upon which she wishes to purchase, she can click the "SELECT DATE & TIME" button.  After the consumer clicks that button, she is taken to a screen displaying available times for entry on that date, as well as offering her the ability to purchase additional products along with her admission ticket.  *See* Figure 4-A & 4-B, next page. Again, the total cost of the ticket is not displayed on this page either.  *Id*.  For January 10, 2024, the price of a "Basic Ticket" is displayed as "36.00," and the bottom of the screen above the "CHECKOUT" button provides a "TOTAL," also of "$36.00."  *Id*.



**Figure 4-A**

**Figure 4-B**

14.     Once a consumer clicks on the "CHECKOUT" button, a final checkout screen

emerges, which requires the user to input her name, email address, phone number, and payment

information, all while a 4-minute clock is ticking down.  *See* Figure 5, next page.  On the left-

side of the same screen, the "TOTAL" ticket price is displayed, which includes $7.55 of "taxes & fees." *Id*. This is the first time Defendant makes mention of additional "fees."



**Figure 5**[1]

15.    As displayed in Figure 5, Defendant does not delineate how much of the additional $7.55 is allocated to taxes versus fees. *Id*. Only if a consumer clicks on the question mark icon next to "Taxes & Fees" does the webpage disclose a "Service Charge" of "$4/ticket." *See* Figure 6, next page.

---

[1] Figure 5 is displayed at 67% resolution to allow the entire page to fit into one screenshot.



**NYC CHECKOUT**

To guarantee your spot, checkout within the next **3** min **41** sec

**ORDER SUMMARY** ✏️

For Wed, Jan 10, 2024, 1:00pm - 8:40pm
NYC

| | |
|---|---|
| Basic Ticket | $36.00 |
| Taxes & Fees ❓ | $7.55 |
| Service Charge ($4/ticket) | $4.00 |
| Tax | $3.55 |

Enter coupon code here   **APPLY**

**TOTAL:**   **$43.55**

(All fields are required unless specified optional)

**Send Tickets To**

First Name (required)

Last Name (required)

Email Address (required)

Phone Number (required)

☑ Subscribe to the email list (optional)

☐ I agree with the terms of service (required)

☐ I understand there are no refunds, only credit for tickets of equal or lesser value (required)

**Pay with card**

Card Number

MM/YY   CVV

Zip Code   Enter Zip Code for City & State

**PURCHASE TICKETS**

**Figure 6**[2]

16.     This is the first and only time that Defendant's $4 per ticket "service charge" is displayed to the consumer.  *Id.*  And to make matters worse, a consumer can complete the final checkout page (which again, has a 4-minute time limit) without ever clicking on the question mark icon to be shown Defendant's $4 per ticket service charge.  *Compare* Figure 5 *with* Figure 6.

---

[2] Figure 6 is displayed at 67% resolution to allow the entire page to fit into one screenshot.

## NEW YORK ARTS & CULTURAL AFFAIRS LAW

17.     Effective August 29, 2022, New York enacted Arts & Cultural Affairs Law §

25.07(4), which provides that "[e]very operator or operator's agent of a place of entertainment…

shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order

to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket

price stated in dollars that represents a <u>service charge</u>, or any other fee or surcharge to the

purchaser.  Such <u>disclosure</u> of the <u>total cost</u> and fees shall be displayed in the ticket listing <u>prior</u>

<u>to</u> the ticket being <u>selected for purchase</u>."  *Id*. (emphasis added).  And "[t]he price of the ticket

shall not increase during the purchase process."  *Id.*; *Compare with* Figures 2 through 6.

18.     Shortly after the law was enacted, ticketing websites peppered the State of New

York's Division of Licensing Services with questions about the scope of the law.  As explained

by the Division of Licensing Services, "the ticket purchasing process begins once a consumer

visits a ticket marketplace and first sees a list of seat prices."  *See* N.Y. Dep't of State, Div.

Licens. Servs., *Request for Additional Guidance – New York State Senate Bill S.9461*, attached

hereto as **Exhibit A**, at 1.  "From the moment the prospective purchaser assesses the [] ticket

lists through the final payment … there should be no price increases to the purchaser for the

ticket itself."  *Id.*  "When a prospective purchaser selects a ticket with full disclosure of the ticket

price, the purchaser <u>should not then have to search for the total price</u> of the ticket <u>as the</u>

<u>purchaser proceeds through the purchasing process</u>, it should continue to be readily available to

the purchaser."  *Id*. at 2 (emphasis added).  "In short, the ticket listing must include the total cost

of the ticket, <u>with a breakdown of all service charges, fees and surcharges</u>, that the purchaser

must pay just to purchase the ticket."  *Id.* (emphasis added).

## CLASS ACTION ALLEGATIONS

19.    **Nationwide Class:** Plaintiff seeks to represent a class defined as all individuals in the United States who purchased tickets to the Museum of Sex NYC from Defendant's website on or after August 29, 2022.  Excluded from the Nationwide Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

20.    **New York Subclass:** Plaintiff seeks to represent a class defined as all individuals in New York who purchased tickets to the Museum of Sex NYC from Defendant's website on or after August 29, 2022.  Excluded from the New York Subclass is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

21.    Members of the Nationwide Class and New York Subclass are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Nationwide Class and New York Subclass are at least in the hundreds of thousands.[3]  The precise number of Nationwide Class and New York Subclass members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Nationwide Class and New York Subclass members may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendant.

22.    Common questions of law and fact exist as to all Nationwide Class and New York Subclass members and predominate over questions affecting only individual Nationwide Class and New York Subclass members.  Common legal and factual questions include, but are not limited to: (a) whether Defendant failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts & Cultural Affairs Law § 25.07(4); (b) whether the displayed price of Defendant's tickets increases

---

[3] According to the *Wall Street Journal*, more than 300,000 people visited the Museum of Sex as recently as 2017. *See* https://www.wsj.com/articles/this-nyc-museum-takes-sex-seriously-1497519002 (last visited June 15, 2017).

during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4); and (c) whether Defendant failed to disclose its service charge in a clear and conspicuous manner in violation of New York Arts & Cultural Affairs Law § 25.07(4).

23.     The claims of the named Plaintiff are typical of the claims of the Nationwide Class and New York Subclass in that the named Plaintiff and the Nationwide Class and New York Subclass sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant's failure to disclose the total cost of its tickets, including Defendant's service charges, throughout the online ticket purchase process.

24.     Plaintiff is an adequate representative of the Nationwide Class and New York Subclass because her interests do not conflict with the interests of the Nationwide Class and New York Subclass members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of Nationwide Class and New York Subclass members will be fairly and adequately protected by Plaintiff and her counsel.

25.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Nationwide Class and New York Subclass members.  Each individual Nationwide Class and New York Subclass member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and

comprehensive supervision by a single court on the issue of Defendant's liability.  Class

treatment of the liability issues will ensure that all claims and claimants are before this Court for

consistent adjudication of the liability issues.

**COUNT I**
**New York Arts & Cultural Affairs Law § 25.07**
**(On Behalf Of The Nationwide Class and New York Subclass)**

26.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully

set forth herein.

27.     Plaintiff brings this claim individually and on behalf of the members of the

Nationwide Class and New York Subclass against Defendant.

28.     Defendant is an "operator… of a place of entertainment" because Defendant

operates the Museum of Sex NYC, which is a "place of entertainment." "'Place of

entertainment' means any privately or publicly owned and operated entertainment facility such

as a theatre, stadium, arena, racetrack, <u>museum</u>, amusement park, or other place where

performances, concerts, <u>exhibits</u>, athletic games or contests are held for which an entry fee is

charged." N.Y. Arts & Cult. Aff. Law § 25.03(6) (emphasis added).

29.     Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by failing

to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to

purchase the ticket" after a ticket is selected, as depicted in Figures 2 through 6 of this

Complaint.

30.     Defendant also violated New York Arts & Cultural Affairs Law § 25.07(4) by

increasing the total cost of its tickets during the purchase process, as depicted in Figures 2

through 6 of this Complaint.

31.     Defendant also violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to "disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser," as depicted in Figures 5 and 6 of this Complaint.

32.     Defendant's "service charge" is an "ancillary fee[] that must be paid in order to purchase the ticket."  N.Y. Arts & Cult. Aff. Law § 25.07(4).

33.     On or about October 6, 2022, Plaintiff purchased tickets on Defendant's website and was forced to pay Defendant's service charge.  Plaintiff was harmed by paying this service charge, even though that total cost was not disclosed to Plaintiff at the beginning of the purchase process, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

34.     Plaintiff was also harmed by paying this service charge, even though it was not clearly and conspicuously disclosed on the final checkout page, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

35.     On behalf of herself and members of the Nationwide Class and New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars, whichever is greater, and reasonable attorneys' fees.  *See* N.Y. Arts & Cult. Aff. Law § 25.33.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the Nationwide Class and New York Subclass prays for judgment as follows:

(a)     For an order certifying the Classes under Rule 23 of the Federal Rules of Civil

Procedure and naming Plaintiff as representative of the Classes and Plaintiff's

attorneys as Class Counsel to represent the Classes;

(b)     For an order declaring that Defendant's conduct violates the statutes referenced

herein;

(c)     For an order finding in favor of Plaintiff and the Classes on all counts asserted

herein;

(d)     For compensatory and statutory damages in amounts to be determined by the

Court and/or jury;

(e)     For prejudgment interest on all amounts awarded;

(f)     For an order of restitution and all other forms of equitable monetary relief;

(g)     For injunctive relief as pleaded or as the Court may deem proper; and

(h)     For an order awarding Plaintiff and the Classes their reasonable attorneys' fees

and expenses and costs of suit.

Dated: January 9, 2024                **BURSOR & FISHER, P.A**.

By:  ___*/s/ Philip L. Fraietta*____
Philip L. Fraietta

Philip L. Fraietta
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

Stefan Bogdanovich (*pro hac vice app.
forthcoming*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: sbogdanovich@bursor.com

14

*Attorneys for Plaintiff*